UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                                                  Case No. 8:17-cr-372-T-33TGW

TYRONE DEVLIN

**UNITED STATES' MOTION
FOR ORDER OF FORFEITURE**

Pursuant to 18 U.S.C. §§ 981(a)(1)(C) and 982(a)(2)(B), 28 U.S.C. § 2461(c), and Rule 32.2(b)(2) of the Federal Rules of Criminal Procedure, the United States of America hereby files this motion for an order of forfeiture against the defendant in the amount of $26,852.35, representing the amount of proceeds he obtained as a result of his participation in the conspiracy charged in Count One of the Indictment and the substantive offenses charged in Counts Two and Three.

The United States further asks that the order of forfeiture become final as to the defendant at sentencing.  In support of its motion, the United States submits the following memorandum of law.

## MEMORANDUM OF LAW

### I. Statement of Facts

#### A. Allegations Against the Defendant

1. The defendant was charged in an Indictment, in relevant part, with (1) conspiracy to commit theft of government property, access device fraud, and aggravated identity theft, in violation of 18 U.S.C. § 371, (2) theft of government property, in violation of 18 U.S.C. §§ 641 and 2, and (3) access device fraud, in violation of 18 U.S.C. §§ 1029(a)(3) and 1029 (c)(1)(A)(i), and 2. Doc. 1.

2. The Indictment also contained forfeiture allegations putting the defendant on notice that, among others, pursuant to 18 U.S.C. §§ 981(a)(1)(C) and 982(a)(2)(B), and 28 U.S.C. § 2461(c), the United States would seek to forfeit approximately $560,938.00, representing the amount proceeds obtained as a result of the violations. *Id.*, pp. 12-14.

#### B. Finding of Guilt and Admissions of Fact

3. On March 26, 2018, without the benefit of a plea agreement, the defendant pled guilty to Counts One (conspiracy to commit theft of government property, access device fraud, and aggravated identity theft), Two (theft of government property), Three (access device fraud), and Four (aggravated

identity theft)[1] before United States Magistrate Judge Thomas G. Wilson, who recommended that the defendant's guilty plea be accepted. Docs. 110, 111. On March 27, 2018, United States District Judge Virginia M. Hernandez Covington accepted the defendant's plea and adjudicated him guilty. Doc. 112. The defendant's sentencing is currently set for June 28, 2018.

    4.    Pages 4 through 11 of the United States' Notice of Maximum Penalties, Elements of Offense, Personalization of Elements and Factual Basis (Doc. 96), which was established at the defendant's change of plea hearing, state, among other things, that the defendant and others obtained stolen identities and filed fraudulent federal income tax returns using those stolen identities. The defendant, his co-defendant Marquis Thornton, and their co-conspirators obtained debit cards issued and/or registered in their own and other people's names and directed that the debit cards be loaded with fraudulently obtained tax refunds. The defendant, Thornton, and their co-conspirators then shared in the proceeds of the fraud.

    On August 16, 2012, the defendant, Thornton, and two co-conspirators were located in a hotel room when officers from the Tampa Police Department (TPD) responded to a complaint by the hotel manager about the room's occupants. TPD officers searched the hotel room and located approximately

---

[1] There is no forfeiture provision for aggravated identity theft.

1,968 pieces of stolen personally identifiable information.  The room also contained three laptop computers that the conspirators had used to file and attempt to file fraudulent federal income tax returns.  In total, the conspirators possessed at least 48 actual debit cards issued in the names of identity theft victims, which were unauthorized access devices which the conspirators used to receive or attempt to receive fraudulently claimed federal income tax refunds in the names of other identity theft victims.

During the timeframe of the conspiracy, the defendant used H&R Block debit card ending in account number -5354 issued in the name of D.R.  That card was loaded with a fraudulently obtained refund in the amount of $8,958 on August 15, 2012, and the defendant was subsequently seen on surveillance video withdrawing the fraud proceeds.

During the timeframe of the conspiracy, the defendant also had an H&R Block debit card ending in account number -1604 registered in his name.  That card was loaded with a fraudulently obtained refund in the amount of $8,972 on September 12, 2012, and another fraudulently obtained refund in the amount of $8,922.35 on October 17, 2012.  The defendant was captured on video withdrawing these fraud proceeds at an ATM.

In total, during the conspiracy, the defendant personally received at least $26,852.35 in fraud proceeds.

## II. Applicable Law

The United States is entitled to an order of forfeiture against the defendant pursuant to 18 U.S.C. § 981(a)(1)(C), which provides for the civil forfeiture of any property, real or personal, which constitutes or is derived from proceeds of any "specified unlawful activity," as defined in 18 U.S.C. § 1956(c)(7), or a conspiracy to commit such offense (18 U.S.C. § 371), which includes theft of government funds (18 U.S.C. § 641).  Because the United States is entitled to civilly forfeit proceeds of such offense, it may criminally forfeit the proceeds pursuant to 28 U.S.C. § 2461(c), which authorizes the criminal forfeiture of any property that can be forfeited civilly, using the procedures set forth in 21 U.S.C. § 853.

In addition, the United States is entitled to an order of forfeiture against the defendant pursuant to 18 U.S.C. § 982(a)(2)(B), which provides for the criminal forfeiture of any property constituting, or derived from, proceeds obtained directly or indirectly, as a result of access device fraud (18 U.S.C. § 1029) or a conspiracy to commit such offense (18 U.S.C. § 371).

For cases in which a defendant no longer has the actual dollars or property traceable to proceeds in his possession, or the government cannot locate those assets, the obligation to forfeit simply takes the form of an order of forfeiture in favor of the United States. *See United States v. Padron*, 527 F.3d

1156, 1161-62 (11th Cir. 2008). Rule 32.2(b)(1) provides that, where the government seeks an order of forfeiture, the Court must determine the amount of money that the defendant will be ordered to pay.

The defendant has dissipated the criminal proceeds that he obtained from his offenses. Because the United States could not locate the specific property constituting or derived from the proceeds the defendant obtained from his participation in the conspiracy charged in Count One and the substantive offenses charged in Counts Two and Three, the United States seeks an order of forfeiture against the defendant in the amount of $26,852.35, pursuant to Federal Rule of Criminal Procedure 32.2(b)(2). As outlined in the United States' Notice of Maximum Penalties, Elements of Offense, Personalization of Elements an Factual Basis (Doc. 96) which was established at the defendant's change of plea hearing, the defendant obtained $26,852.35 in proceeds as a result of his participation in the conspiracy to commit theft of government property and access device fraud, and the substantive offenses of theft of government property and access device fraud. If the Court finds that at least $26,852.35 was obtained by the defendant, and that he has dissipated those proceeds, then it is appropriate for the Court to enter an order of forfeiture against the defendant in that amount pursuant to Rule 32.2(b)(2).

### III. <u>Conclusion</u>

For the reasons stated above, the United States requests that, pursuant to 18 U.S.C. §§ 981(a)(1)(C) and 982(a)(2)(B), 28 U.S.C. § 2461(c), and Rule 32.2(b)(2), the Court enter an order of forfeiture against the defendant in the amount of $26,852.35, for which he will be held personally liable.

The United States further requests that, because the $26,852.35 in proceeds was dissipated by the defendant, the United States may seek, as a substitute asset, pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 982(b)(1) and/or 28 U.S.C. § 2461(c), forfeiture of any of the defendant's property up to the value of $26,852.35.

The United States further requests that the order of forfeiture become final as to the defendant at sentencing.

As required by Federal Rule of Criminal Procedure 32.2(b)(4)(B), the United States requests that the Court include the forfeiture when orally pronouncing the sentence and in the judgment. *See* Fed. R. Crim. P. 32.2(b)(4)(B) and *United States v. Kennedy*, 201 F.3d 1324, 1326 (11th Cir. 2000).

The United States further requests that the Court retain jurisdiction to address any third party claim that may be asserted in these proceedings, to enter any further order necessary for the forfeiture and disposition of such property, and to order any substitute assets forfeited to the United States up to the amount of the order of forfeiture.

        Respectfully submitted,

        MARIA CHAPA LOPEZ
        United States Attorney

By:    *s/ Suzanne C. Nebesky*
        SUZANNE C. NEBESKY
        Assistant United States Attorney
        Fla. Bar No. 59377
        400 N. Tampa Street, Suite 3200
        Tampa, Florida 33602
        Tel:    (813) 274-6000
        E-mail: suzanne.nebesky@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on May 30, 2018, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to counsel of record.

*s/Suzanne C. Nebesky*
SUZANNE C. NEBESKY
Assistant United States Attorney
