UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.

TYRONE DEVLIN

Case Number. 8:17-cr-372-T-33TGW
USM Number: 69170-018

Jason Matthew Mayberry, CJA

## JUDGMENT IN A CRIMINAL CASE

The defendant pleaded guilty to Counts One, Two, Three, and Four of the Indictment. The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 18 U.S.C. § 371 | Conspiracy to Defraud the United States | July 26, 2017 | One |
| 18 U.S.C. §§ 641 and 2 | Theft of Government Property | August 15, 2012 | Two |
| 18 U.S.C. §§ 1029(a)(3), (c)(1)(A)(i) and 2 | Access Device Fraud | August 16, 2012 | Three |
| 18 U.S.C. §§ 1028A and 2 | Aggravated Identity Theft | August 16, 2012 | Four |

The defendant is sentenced as provided in pages 2 through __6__ of this judgment.  The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

**IT IS ORDERED** that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid.  If ordered to pay restitution, the defendant shall notify the court and United States Attorney of any material change in the defendant's economic circumstances.

Date of Imposition of Judgment:

June 28, 2018

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

June __30__, 2018

Tyrone Devlin
8:17-cr-372-T-33TGW

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of **ONE HUNDRED SIXTEEN (116) MONTHS**. This term consists of terms of 60 months as to Count One, 92 months on each of Counts Two, and Three, to run concurrently, and 24 months as to Count Four to run consecutively to all other counts. The terms of imprisonment imposed by this judgment shall run consecutive with the defendant's term of imprisonment imposed pursuant to the judgment in Case Number 15-CF-12827, of Hillsborough County Circuit Court, in Florida; Case Number 15-CF-13844, of Hillsborough County Circuit Court, in Florida; and Case Number CRC-15-08049-CFAES, of Pasco County Circuit Court, in Florida.

The Court makes the following recommendations to the Bureau of Prisons:
- Confinement at Marianna Correctional Facility for acceptance into the electrical apprentice program, or in the alternative, Coleman Correctional Facility;
- Participation in the RDAP 500-hour Intensive Drug Treatment Program.

The defendant is remanded to the custody of the United States Marshal.

## RETURN

I have executed this judgment as follows:

_____

_____

_____

_____

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

UNITED STATES MARSHAL

By: _____
Deputy U.S. Marshal

AO 245B (Rev. 09/17) Judgment in a Criminal Case

Tyrone Devlin
8:17-cr-372-T-33TGW

## SUPERVISED RELEASE

Upon release from imprisonment, you will be on supervised release for a term of **THREE (3) YEARS**. This term consists of a 3-year term as to Counts One, Two, and Three and a 1-year term as to Count Four, all such terms to run concurrently.

## MANDATORY CONDITIONS

1. You must not commit another federal, state or local crime.
2. You must not unlawfully possess a controlled substance.
3. The mandatory drug testing requirements of the Violent Crime Control Act are imposed. The Court orders the defendant to submit to random drug testing not to exceed 104 tests per year.
4. You must cooperate in the collection of DNA as directed by the probation officer.

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below).

The defendant shall also comply with the additional conditions on the attached page.

AO 245B (Rev. 09/17) Judgment in a Criminal Case

Tyrone Devlin
8:17-cr-372-T-33TGW

## STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame. After initially reporting to the probation office, the defendant will receive instructions from the court or the probation officer about how and when the defendant must report to the probation officer, and the defendant must report to the probation officer as instructed.
2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4. You must answer truthfully the questions asked by your probation officer
5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within **72 hours**.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at: www.uscourts.gov.

Defendant's Signature:_____        Date:_____

AO 245B (Rev. 09/17) Judgment in a Criminal Case

**Tyrone Devlin**
**8:17-cr-372-T-33TGW**

## ADDITIONAL CONDITIONS OF SUPERVISED RELEASE

1. The defendant shall participate in a substance abuse program (outpatient and/or inpatient) and follow the probation officer's instructions regarding the implementation of this court directive. Further, the defendant shall contribute to the costs of these services not to exceed an amount determined reasonable by the Probation Office's Sliding Scale for Substance Abuse Treatment Services. During and upon completion of this program, the defendant is directed to submit to random drug testing.

2. The defendant shall participate in a mental health treatment program (outpatient and/or inpatient) and follow the probation officer's instructions regarding the implementation of this court directive. Further, the defendant shall contribute to the costs of these services not to exceed an amount determined reasonable by the Probation Office's Sliding Scale for Mental Health Treatment Services.

3. The defendant shall be prohibited from incurring new credit charges, opening additional lines of credit, or obligating yourself for any major purchases without approval of the probation officer.

4. The defendant shall provide the probation officer access to any requested financial information.

Tyrone Devlin
8:17-cr-372-T-33TGW

# CRIMINAL MONETARY PENALTIES

The defendant must pay the following total criminal monetary penalties under the schedule of payments set forth in the Schedule of Payments.

|  | **Assessment** | **JVTA Assessment**[*] | **Fine** | **Restitution** |
|---|---|---|---|---|
| **TOTALS** | $400.00 | N/A | Waived | $435,499.00 |

The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(I), all nonfederal victims must be paid in full prior to the United States receiving payment.

| **Name of Payee** | **Restitution Ordered** |
|---|---|
| Internal Revenue Service | $435,499.00 |

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

- Lump sum payment of $400.00 due immediately.

The defendant shall pay restitution in the amount of $435,499 to the Internal Revenue Service. This restitution obligation shall be payable to the Clerk, U.S. District Court, for distribution to the victim(s). Restitution shall be paid jointly and severally with Marquis Thornton. While in Bureau of Prisons custody, you shall either (1) pay at least $25 quarterly if you have a non-Unicor job or (2) pay at least 50% of monthly earnings if you have a Unicor job. Upon release from custody, the defendant shall begin making payments of $150 per month, and this payment schedule shall continue unless the victim, the government, or the defendant, notifies the Court of a material change in the defendant's ability to pay and the Court modifies the schedule. The Court finds that the defendant does not have the ability to pay interest and the Court waives the interest requirement for the restitution.

Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court, unless otherwise directed by the court, the probation officer, or the United States attorney.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) JVTA assessment, (8) penalties, and (9) costs, including cost of prosecution and court costs.

### Joint and Several

Restitution shall be paid jointly and severally with Marquis Thornton.

### FORFEITURE

Defendant shall forfeit to the United States those assets identified in the Order of Forfeiture signed and dated 6/28/18 (Dkt. 140) that are subject to forfeiture. The Order shall be made a Final Order today.

---

[*] Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.
[**] Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B (Rev. 09/17) Judgment in a Criminal Case

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                          Case No. 8:17-cr-372-T-33TGW

TYRONE DEVLIN

## ORDER OF FORFEITURE

THIS CAUSE comes before the Court upon the United States of America's motion for an order of forfeiture against the defendant in the amount of $26,852.35.

Being fully advised of the relevant facts, the Court hereby finds that at least $26,852.35 in proceeds was obtained by the defendant as a result of his participation in the conspiracy to commit theft of government property and access device fraud charged in Count One of the Indictment, and the offenses of theft of government property and access device fraud, charged in Counts Two and Three, for which he pled guilty.

Accordingly, it is hereby:

ORDERED, ADJUDGED, and DECREED that for good cause shown, the United States' motion is GRANTED.

It is FURTHER ORDERED that, pursuant to 18 U.S.C. §§ 981(a)(1)(C) and 982(a)(2)(B), 28 U.S.C. § 2461(c), and Rule 32.2(b)(2) of the Federal Rules

of Criminal Procedure, the defendant shall be held liable for an order of forfeiture in the amount of $26,852.35.

It is FURTHER ORDERED that, because the $26,852.35 in proceeds was dissipated by the defendant, the United States may seek, as a substitute asset, pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 982(b)(1) and/or 28 U.S.C. § 2461(c), forfeiture of any of the defendant's property up to the value of $26,852.35.

It is FURTHER ORDERED that, upon entry, this order shall become a final order of forfeiture as to the defendant.

The Court retains jurisdiction to address any third party claim that may be asserted in these proceedings, to enter any further order necessary for the

forfeiture and disposition of such property, and for any substitute assets that the United States may be entitled to seek up to the amount of the order of forfeiture.

DONE and ORDERED in Tampa, Florida, this 28th day of June, 2018.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies to:
Suzanne C. Nebesky, AUSA
Counsel of Record

3